716 P.2d 81

**FIRST BAPTIST CHURCH OF BISBEE, Arizona, an Arizona Corporation, Plaintiff/Appellee,**

**v.**

**ARIZONA STATE LIQUOR BOARD, Rubin Salter, Jr., Chairman; Joan Newth, Vice-Chairman; Sturgeon Cormer, and Earl Mayer, members; L.H. Robertson, Superintendent, Department of Liquor Licenses and Control; and Shepherd's Inn Inc., an Arizona corporation, Defendants/Appellants.**

**No. 2 CA–CIV 5655.**

Court of Appeals of Arizona, Division 2, Department B.

March 14, 1986.

Yarbrough & Dunn by Boyd W. Dunn, Tempe, for plaintiff/appellee.

Rawlins, Burrus & Lewkowitz, P.C. by Patricia A. Martin, Phoenix, for defendant/appellant Shepherd's Inn.

## OPINION

BIRDSALL, Judge.

Shepherd's Inn, Inc. appeals from an adverse ruling of the trial court upon review of an administrative decision of the Arizona State Liquor Board. The Board had approved its application for a retailer's liquor license despite the opposition of the appellee, First Baptist Church of Bisbee, and the Bisbee City Council. The trial court found that there was no substantial evidence to support the Board's decision in view of the requirements of A.R.S. § 4–207(A)(1) and (2). The court held that the Board acted arbitrarily and capriciously and abused its discretion. We agree. However, because we believe A.R.S. § 4–207(A)(1) to be unconstitutional, we remand to the Liquor Board for further proceedings.

The appellant had urged that A.R.S. § 4–207 was unconstitutional in view of the recent decision of the United States Supreme Court in *Larkin v. Grendel's Den, Inc.*, 459 U.S. 116, 103 S.Ct. 505, 74 L.Ed.2d 297 (1982). The trial court held that it was not bound by the *Larkin* decision but did not discuss the constitutional question.

Our statute provides:

"A. No retailer's license shall be issued for any building whose exterior walls are within three hundred horizontal feet of a public or parochial school building or church building in which services are regularly conducted unless, in addition to the other requirements of this chapter:

1. The issuance of such license is recommended for approval by the governing body of each public school or

the individual or board holding title to the property of each parochial school or church located within three hundred horizontal feet of the proposed location, and

2. The issuance of such license is recommended for approval by the governing body of the city or town if located within the corporate limits, or by the board of supervisors if located in the unincorporated area of the county.... A.R.S. § 4–207.

The Board's action was arbitrary and capricious because the proposed liquor establishment was within 300 feet of the church. The only evidence before the Board was that the distance from the nearest exterior wall of the applicant's building to the church building was less than 300 horizontal feet. The Board could not have lawfully considered measurements from and to other beginning and ending points. Thus, the evidence of the distance from the doorway of the applicant's building to the doorway of the church had to be disregarded. Likewise, the distance from the nearest exterior wall of the church to the doorway of the applicant's building (including the distance down a stairway of the latter) had to be disregarded, as well as a measurement from the farthest exterior wall of the applicant's premises to the wall of the church. Nor could the Board disregard the statutory requirement of a horizontal measurement and take the hills and valleys between the two buildings into account. The only proper evidence before the Board showed the horizontal distance to be from 264.78' to 270'9". At least five different persons, including two qualified surveyors, reported these distances. In fact, if a sunday school building on the church premises had been considered, the distance would have been even less.

We believe that the language of the statute is clear and unambiguous. "Exterior walls" must be interpreted to mean the nearest walls of the two buildings. Otherwise, the measurement would depend on the size of the buildings. If either were large enough and the furthest exterior walls were used, for example, the buildings could be adjacent to each other. The points from which the measurement is to be made are certain, and the distance to be measured is horizontal, meaning "in a plane parallel to the horizon." Webster's New Collegiate Dictionary (1973). "Horizontal" means along the shortest straight line, and not along the course of a highway or along the usually traveled way, or along or upon the surface of the ground. See 79 Am. Jur.2d, *Weights and Measures;* § 50 at 83–84 (1975); annot. 4 A.L.R.3d 1250 (1965).

Since neither the church nor the city had recommended approval of the license, and the inn would have been located within the prohibited 300 feet, the trial court correctly found that the Board's decision was in complete disregard of the legislative requirements.

■ Turning now to the constitutional question, we believe it is important and necessary to hold subsection (A)(1) of the statute unconstitutional because the disapproval by the church may have affected the vote of the city council. By giving the church a veto power over the issuance of the liquor license, A.R.S. § 4–207(A)(1) is unconstitutional. *Larkin v. Grendel's Den,* supra. The Supreme Court found that the Massachusetts statute involved in *Larkin* violated the Establishment Clause of the United States Constitution because it both "advanced" religion and gave the church discretionary governmental decision-making power. The Massachusetts statute provided that no liquor license could be approved within 500 feet of the church if the church disapproved. Our Arizona statute is different in that no license can be issued within 300 feet *unless* the church approves. This is a difference without any real distinction since in either case the church may effectively veto the request, in Massachusetts by action, in Arizona by inaction.

■ We believe that that portion of the statute may, however, be severed from the remainder. The legislature may constitutionally provide that *no liquor license may*

be issued within a reasonable distance of a church unless the city council approves. In the instant case, because the applicant's premises were within 300 feet and the city council did not recommend approval, the trial court correctly ruled that the Board abused its discretion in granting the license. However, the city council's action may very well have been influenced by the absence of church approval. A council member might have thought that there was no point in voting to approve a license because city council approval was an idle act absent additional church approval.

We were advised in oral argument that the superior court judgment was stayed pending this appeal. The liquor license was issued and Shepherd's Inn has been serving liquor. We believe we should continue that stay pending a new presentation of the matter to the Bisbee City Council, so that its members may vote with the knowledge that church approval is unnecessary.

We remand to the Arizona State Liquor Board with directions to request that the Bisbee City Council hold a new hearing and advise the Board of the results. If the council recommends approval, that will validate the issuance of the license. If the council does not recommend approval, the Board shall rescind the license.

Remanded with directions.

LIVERMORE, P.J., and LACAGNINA, J., concur.